# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CRISTINA VEGA,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

Case No. CV 18-00928-JEM

MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

## PROCEEDINGS

On February 6, 2018, Cristina Vega ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Social Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on May 23, 2018. (Dkt. 14.) On November 14, 2018, the parties filed a Joint Stipulation ("JS"). (Dkt 20.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 54 year-old female who applied for Social Security Disability Insurance benefits on July 3, 2014, and Supplemental Social Security Income benefits on July 10, 2014, alleging disability beginning December 20, 2011. (AR 20.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since December 20, 2011, the alleged onset date. (AR 22.)

Plaintiff's claims were denied initially on October 24, 2014. (AR 20.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Michael D. Radensky on September 15, 2016, in Norwalk, California. (AR 20.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 20.) Vocational expert ("VE") Jeff L. Clark also appeared and testified at the hearing. (AR 20.)

The ALJ issued an unfavorable decision on October 19, 2016. (AR 20-30.) The Appeals Council denied review on December 12, 2017. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can

still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since December 20, 2011, the alleged onset date. (AR 22.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease of the lumbar spine; diabetes mellitus with retinopathy; and obesity. (AR 22-24.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 24-25.)

The ALJ then found that Plaintiff had the RFC to perform a range of light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b). In addition, Plaintiff is capable of performing occasional postural activities, but no climbing of ladders, scaffolds, or ropes. Further, Plaintiff is precluded from working around unprotected heights or dangerous machinery, and no jobs requiring fine visual detail. (AR 25-28.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 27.)

At step four, the ALJ found that Plaintiff is not able to perform her past relevant work as a teller, mail clerk, and home attendant. (AR 28.) The ALJ, however, found at step five that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of cleaner, food prep worker, and school bus monitor. (AR 28-29.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 29-30.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's subjective symptom allegations. The ALJ's restricted light work RFC is supported by substantial evidence.

### I. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS

Plaintiff contends that the ALJ erred in discounting her subjective symptom allegations. The Court disagrees.

**A. Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including

pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883. The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.      Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (AR 27.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (AR 27.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptom allegations were not consistent with the medical evidence. (AR 27.) An ALJ is permitted to consider whether there is a lack of

medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptoms. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, Plaintiff alleges musculoskeletal problems with her hands and feet and trouble bending and lifting, and poor vision. (AR 25.) The ALJ found that there is no medical evidence in the record in regard to a hand impairment. (AR 23.) X-rays of the wrist show no evidence of fractures, dislocations or degenerative changes. (AR 23.) Examination of the Claimant's wrists in September 2014 showed no evidence of thickening or deformities, and range of motion was normal. (AR 23.) Her most recent treatment records also found no musculoskeletal problems. (AR 23.) The ALJ found that the Claimant does not have a severe medically determinable wrist impairment. (AR 23.) The ALJ also found that Plaintiff's alleged asthma and depression were non-severe. (AR 23-24.)

The ALJ did find that Plaintiff had the medically determinable severe impairment of degenerative disc disease. (AR 22.) The ALJ, however, also found that, although X-rays of Plaintiff's cervical lumbar spine showed some degenerative changes and some limited range of motion, her seated straight leg raise test was negative, and her gait was within normal limits. (AR 25.) In January 2016, Claimant reported no back or neck pain with normal range of motion. (AR 25.) The ALJ found that the objective medical evidence does not warrant limitations beyond those in the ALJ's assessed light work RFC. (AR 25.)

The ALJ also found that Plaintiff has the medically determinable severe impairment of diabetes with retinopathy. (AR 22, 26.) Plaintiff is on insulin and had a toe removed. (AR 26.) Nonetheless, the ALJ noted that a September 2014 examination showed that, while Plaintiff has decreased sensation in her lower extremities, it was grossly intact in the upper extremities. (AR 26.) Reflexes were normal, and her motor strength was good. (AR 26.) Her vision was noted to be grossly intact as well. (AR 26.) Additional records from January 2016 also showed no evidence of blurry vision. (AR 26.) While some records speak of decreased vision, it does not appear to be very severe. (AR 26.) Plaintiff's vision issue is accommodated in the ALJ's RFC limitation of "no jobs requiring fine visual detail." (AR 25.)

The medical opinion evidence also supported the ALJ's RFC.  In 2014, Dr. John Sedgh, a consulting internist, indicated Claimant was capable of light exertional work with occasional kneeling, crouching, and stooping.  (AR 26.)  The ALJ also gave weight to the opinion of State agency reviewing physician Dr. F. L. Williams, who found Plaintiff was capable of light exertional work.  (AR 26.)  A workers' compensation physician indicated Claimant was precluded from heavy lifting, prolonged weight bearing, no repetitive use of stairs, and other limitations consistent with light work.  (AR 26.)

The only physician who provided a contrary opinion was Dr. Kevin Shiramizu, who indicated Plaintiff was legally blind and unable to take care of her activities of daily living.  (AR 27.)  The ALJ gave little weight to this statement because no objective findings were provided for Dr. Shiramizu's check the box findings.  (AR 27.)  Indeed, Dr. Shiramizu's assessment is inconsistent with other limitations documented in his treatment notes that merely limited Plaintiff to no heavy lifting and no strenuous exercise — limitations consistent with light work.  (AR 27.)  An ALJ may reject a treating physician's opinion that is brief, conclusory, in the form of a checklist, inadequately supported by clinical findings, does not have supportive evidence, is contradicted by other assessments, is unsupported by the record as a whole, and is unsupported by or inconsistent with his or her treatment notes.  Batson v. Comm'r, 359 F.3d 1190, 1195 & n.3 (9th Cir. 2004).  Plaintiff does not dispute or even address the ALJ's treatment of the medical evidence.

A second reason the ALJ gave for discounting Plaintiff's subjective symptom allegations is that her daily activities are inconsistent with disabling limitations, which is a legitimate consideration in evaluating credibility.  Bunnell, 947 F.2d at 345-46.  Here, the ALJ noted that Claimant testified at the hearing she does light household cleaning, shopping, laundry, waters her plants, and attends church every Sunday.  (AR 27.)  Plaintiff asserts that the daily activities cited above do not prove she can work, but they do suggest Claimant has greater functional abilities than alleged.  See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

Third, since her workers' compensation claim closed, she has not been treated with specialists or undergone any physical therapy and has generally received conservative

treatment. (AR 27.) An ALJ may consider conservative treatment in evaluating subjective symptoms. Tommasetti, 533 F.3d at 1039.

Plaintiff barely discusses the medical evidence and other evidence, and simply disagrees with the ALJ's interpretation of the record. It is the ALJ's responsibility, however, to resolve conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 853.

The ALJ rejected Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 8, 2019            */s/ John E. McDermott*
                                               JOHN E. MCDERMOTT
                                     UNITED STATES MAGISTRATE JUDGE